EDWARD M. WOLKOWITZ (State Bar No. 68298)
JEFFREY S. KWONG (State Bar No. 288239)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, CA 90034
Telephone: (310) 229-1234
Facsimile:  (310) 229-1244
Email: EMW@LNBYG.COM; JSK@LNBYG.COM

Attorneys for Nancy J. Zamora,
Chapter 7 Trustee

**FILED & ENTERED**

**MAY 15 2024**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** fisherl    **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>GREEN NATION DIRECT CORPORATION, *Substantively Consolidated with*, N.R.G. Investment Group<br><br>Debtor. | Case No. 1:18-bk-12698-MT<br><br>Chapter 7<br><br>**ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION FOR ORDER: (1) AUTHORIZING SALE OF JUDGMENTS AGAINST AVIVA HOME IMPROVEMENT, BRYAN VASQUEZ, CARLOS GONZALEZ, GENESIS INNOVATORS, INC, AND CAMILO URIBE; AND (2) APPROVING OVERBID PROCEDURE**<br><br>Hearing:<br>Date:       May 13, 2024<br>Time:      11:00 a.m.<br>Location:  Courtroom "302"<br>               21041 Burbank Boulevard<br>               Woodland Hills, CA 91367 |

1         On May 13, 2024 at 11:00 a.m., the Court held a hearing regarding the "*Chapter 7 Trustee's Motion For Order: (1) Authorizing Sale Of Judgments Against Aviva Home Improvement, Bryan Vasquez, Carlos Gonzalez, Genesis Innovators, Inc, And Camilo Uribe; And (2) Approving Overbid Procedure*" [Doc. No. #442] (the "Motion")[1] filed by Nancy J. Zamora, the chapter 7 trustee (the "Trustee") for the bankruptcy estate of Green Nation Direct Corporation (the "Debtor").  All appearances were noted on the record.

         Upon consideration of the Motion, the Memorandum of Points and Authorities and Declaration of Nancy J. Zamora in support thereof, all evidence submitted in support of the foregoing, the statements, representations and arguments of counsel made on the record of the hearing, the auction (the "Auction") that took place at the hearing, the entire record of this bankruptcy case, and based further upon the findings of fact and conclusions of law as stated on the record which are hereby incorporated by reference pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and it appearing that notice of the Motion and the sale of the Judgments was proper, and for good cause appearing:

**THE COURT HEREBY FINDS AND DETERMINES THAT:**

A.    An Auction for the sale of the Judgments was held at the time and place of the hearing, at which time two (2) bidders that have been qualified by the Trustee appeared to bid on the Judgments.  The Court presided over the Auction, at the conclusion of which Intercoastal Financial, LLC (the "Purchaser") submitted the highest and best bid for the Judgments in the amount of $22,000.  A back-up bid of $21,000 was submitted by SM Financial Services Corporation (the "Backup Buyer").

B.    Based on the foregoing, the Purchaser is deemed to be the successful bidder for the Judgments.

/ / /

/ / /

---

[1] All capitalized but undefined terms herein shall have the same meanings ascribed to them in the Motion.

2

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT THAT:**

1. The Motion is granted.

2. The Agreement that is attached to the Motion as <u>Exhibit 1</u> is approved.

3. The sale of the Judgments to the Purchaser, or the Backup Buyer in the event that the Purchaser does not timely close this transaction, is approved.

4. The sale of the Judgments is on an "AS IS, WHERE IS" basis without any representations or warranties of any kind and free and clear of liens, claims and interests.

5. Pursuant to section 363(b), the Trustee is authorized to take any and all actions necessary or appropriate to consummate the sale of the Judgments to the Purchaser, or the Backup Buyer in the event that the Purchaser does not timely close this transaction.

6. Purchaser shall consummate the sale of the Judgments by paying the balance of the purchase price of $17,000 (*i.e.*, $22,000 minus the $5,000 deposit) not later than 7 days after the entry of this Order. If Purchaser fails to timely tender the balance of the purchase price to the Trustee pursuant to this Order, the Purchaser's $5,000 deposit shall be forfeited to the bankruptcy estate.

7. In the event that the sale does not timely close through the fault of the Purchaser, all references and protections referenced in this Order as to the Purchaser shall be applicable to the Backup Buyer, except that the Backup Buyer would purchase the Judgments for $21,000.

8. The Trustee is authorized to hold onto the $5,000 check deposit of the Backup Buyer until the sale of the Judgment to the Purchaser closes, in which case the check shall be returned to the Backup Buyer. If the sale of the Judgments to the Purchaser does not timely close: (1) the Trustee may proceed to sell the Judgments to the Backup Buyer and apply the $5,000 deposit towards the $21,0000 purchase price; and (2) Backup Buyer shall pay the balance of the purchase price of $16,000 ($21,000 minus the $5,000 deposit) not later than 7 days after receiving written notice by email of the Purchaser's default and Backup Buyer's obligation to purchase the Judgments as a backup buyer (the "<u>Backup Buyer Notice</u>"). If Purchaser fails to timely tender the balance of the purchase price to the Trustee after receiving the Backup Buyer Notice, the

Purchaser's $5,000 deposit shall be forfeited to the bankruptcy estate.

9. The 14-day stay of this order prescribed by Rule 6004(h) of the Federal Rules of Bankruptcy Procedure is waived.

# # #

Date: May 15, 2024

*Maureen A. Tighe*
Maureen A. Tighe
United States Bankruptcy Judge